**SO ORDERED.**

**SIGNED this 24th day of April, 2008.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE

_____

# United States Bankruptcy Court
### Western District of Texas
### San Antonio Division

| | |
|---|---|
| IN RE<br><br>SI RESTRUCTURING, INC.,<br><br>*DEBTORS* | BANKR. CASE NO.<br><br>04-54504-LMC<br>(JOINTLY ADMINISTERED)<br>CHAPTER 11 |

### ORDER DENYING ROBERT G. COSHOTT'S SECOND MOTION FOR RELIEF

Almost two years after this court granted an objection to a proof of claim filed by Robert G. Coshott,[1] Mr. Coshott filed a motion to vacate that order.[2] This court held a hearing on February 6, 2008 and, after reviewing the pleadings, the relevant case law, the history of the jointly-administered bankruptcy cases, and the additional evidence offered by counsel for Coshott, the court

---

[1] *See* Order Granting Debtors' Objection to Proof of Claim of Robert G. Coshott (Doc. No. 1335, Feb. 14, 2006); *see also* Proof of Claim #358.

[2] *See* Robert G. Coshott's Motion to Vacate Order Granting Objection to Proof of Claim Filed by Robert G. Coshott (Doc. No. 1734, Jan. 4, 2008).

denied Coshott's first motion to vacate.[3] Ten days after the entry of that order,[4] Coshott filed the present motion, which turns out to be, in effect, a *second* motion to vacate. Because that motion was filed within 10 days of the order denying his *first* motion to vacate, the court reviews the second motion under Rule 59(e), made applicable to bankruptcy procedure by Bankruptcy Rule 9023. *See Abraham v. Aguilar (Matter of Aguilar),* 861 F.2d 873, 875 (5th Cir. 1989); *Stangel v. U.S. (In re Stangel),* 68 F.3d 857, 859 (5th Cir. 1995); *see also* Fed. R. Civ. P. 59(e); Fed. R. Bankr. P. 9023.

Under Rule 59(e), a court has the discretion to amend its previous judgment or order if the movant establishes some manifest error of law or fact justifying such an amendment. *See Waltman v. Int'l Paper Co.,* 875 F.2d 468, 473 (5th Cir. 1989) (citing *Keene Corp. v. Int'l Fidelity Ins. Co.,* 561 F. Supp. 656, 665 (N.D. Ill. 1982), *aff'd by* 735 F.2d 1367 (7th Cir. 1984)). In pointing out the court's error, however, "[i]t is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him." *Frietsch v. Refco, Inc.,* 56 F.3d 825, 828 (7th Cir. 1995) (Posner, J.).

Rather than arguing that this court erred as a matter of law or as a matter of fact in rendering its first ruling, Coshott offers "new" arguments and evidence which go to the merits of his first motion to vacate — he purports to have new evidence mitigating any prejudice to creditors in vacating the order granting the debtors' objection to his proof of claim.[5] His arguments, however, are not new, and the evidence ostensibly supporting his argument is neither evidence unavailable to

---

[3] *See* Transcript of Hearing Held on Feb. 6, 2008 (Doc. No. 1819). Because the first motion to vacate was filed nearly two years after the order, the court reviewed the motion under Federal Rule 60(b), which is made applicable to this proceeding by Bankruptcy Rule 9024.

[4] *See* Order Denying Robert G. Coshott's Motion to Vacate Order Granting Objection to Proof of Claim (Doc. #1775, Feb. 12, 2008).

[5] The present motion does not address how this court erred in applying the standards of Rule 60(b) to Coshott's first motion to vacate.

him before nor is it evidence ignored by this court in its prior ruling.[6] In all events, Coshott has not established how this court's prior ruling was tainted by a manifest error of law or fact. Accordingly, the motion to reconsider and to vacate this court's order of February 12, 2008 is DENIED.

SO ORDERED.

# # #

---

[6] Transcript at 42-46.