**SO ORDERED.**

**SIGNED this 11th day of December, 2009.**

_____
          **LEIF M. CLARK**
**UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SI RESTRUCTURING, INC. | ) | Case No. 04-54504-LMC |
| | ) | |
| | ) | |
| Reorganized Debtor | ) | |

**DECISION DENYING JOHN C. WOOLEY'S AND JEFFREY J. WOOLEY'S MOTION PURSUANT TO BANKRUPTCY RULE 9023 TO RECONSIDER ORDER DENYING MOTION PURSUANT TO SECTION 7.7 OF CONFIRMED AMENDED PLAN OF LIQUIDATION UNOPPOSED BY REORGANIZED DEBTOR**

**A. The Pleadings**

Came on for considering the foregoing matter. On December 24, 2008, John C. Wooley and Jeffrey J. Wooley (together, the "Wooleys") filed their Motion Pursuant to Section 7.7 of Confirmed Amended Plan of Liquidation Unopposed by Reorganized Debtor (the "7.7 Motion") [Docket No. 1932]. In a nutshell, through the 7.7 Motion, the Wooleys requested permission for derivative standing to file certain estate causes of action (the "Estate Claims") against Haynes and Boone, LLP ("H&B") as well as against former directors of the debtor (the "Former

1

Schlotzky Directors," and, together with H&B, the "Potential Defendants").[1] On January 16, 2009, Haynes and Boone filed an objection to the 7.7 Motion [Docket No. 1939]. And, on February 10, 2009, the Former Schlotzky Directors filed their own objection to the 7.7 Motion [Docket No. 1944]. Although the 7.7 Motion was originally set to be heard on January 20, 2009 [Docket No. 1933], the hearing was continued a number of times and ultimately took place on March 18, 2009 [Docket No. 1946]. At the March hearing, the court heard oral arguments from all the interested parties and re-set the 7.7 Motion for purposes of ruling for June 11, 2009. At the March hearing, the court also allowed (but did not require) the parties to file supplemental briefs if they wished and imposed an April 6, 2009 deadline to do so. Neither party filed a supplemental brief. On June 11, 2009, the court, in an oral ruling, denied the 7.7 Motion for the reasons stated on the record of that hearing. And, finally, on July 9, 2009, an order embodying the court's June 11 ruling was docketed [Docket No. 1970].

On July 17, 2009, the Wooleys filed their motion to reconsider the court's June 11 ruling denying the 7.7 Motion pursuant to Federal Rule of Bankruptcy Procedure 9023 (the "Motion to Reconsider") [Docket No. 1974]. On September 2, 2009, both Haynes and Boone (the "H&B Objection") as well as the Former Schlotzky Directors (the "Directors Objection," and, together with the H&B Objection, the "Objections") filed responses in opposition to the Motion to Reconsider [Docket Nos. 1978, 1979, respectively]. The Motion to Reconsider and the Objections make the following arguments.

---

[1] The former directors that the Wooleys wish to sue are: Sam Coats, Pike Powers, John Sharp, Sarah Weddington, and Gary Cadenhead.

2

*The Motion to Reconsider*

In the Motion to Reconsider, the Wooleys ask that, pursuant to Federal Rule of Bankruptcy Procedure 9023, the court reconsider its decision denying the 7.7 Motion.[2] Specifically, the Wooleys ask that the court reconsider its ruling that the debtor's plan of liquidation (the "Plan") failed to preserve the Estate Claims that the Wooleys seek to file against the Potential Defendants. *Motion to Reconsider*, ¶ 17 at 8. The Wooleys first provide their version of the relevant background facts that occurred after the bankruptcy petition date through confirmation of the debtors' Plan and ending with the court's June 11 ruling. *Id.*, ¶¶ 1-16 at 1-8. The crux of the Wooleys argument in favor of reconsideration is that

> [t]he Court should reconsider the revisions to the Debtor's plan and disclosure statement that specifically dealt with the preservation of the Estate Claims. The Debtor's Disclosure Statement was specifically revised to disclose that the Wooleys believed that the estate owned valuable claims… Further, as referenced in the amended disclosure statement, the Debtor's plan was specifically revised for the express purpose of preserving the rights of the Wooleys and other creditors to seek authority to pursue the Estate Claims… This structure was negotiated by the creditors specifically in the context of the investigation of alleged claims against Debtor's officers, directors and professionals and inserted in the section of the plan dealing with the preservation of claims.

*Id.*, ¶ 17 at 8. Additionally, the Wooleys note that the Plan was modified to remove releases that had originally been provided to the debtor's officers, directors, and professionals. *Id.*, ¶ 126 at 9. "Such reservation satisfies any standard that could be applied with respect to the preservation of claims…" *Id.* Additionally, the facts underlying the Estate Claims that the Wooleys seek to assert were allegedly known at all times by the Potential Defendants but not known by the Wooleys until after the Plan was confirmed and until after H&B's final fee application was approved. *Id.* at 9-10. For this reason, the Potential Defendants should be estopped from arguing that the Plan does not preserve the estate causes of action at issue here. *Id.* at 10.

---

[2] In the Motion to Doconsider, the Wooleys refer to a memorandum of law that is filed in support of the Motion to Reconsider. *Motion to Reconsider*, at 9 n. 2. However, no such memorandum was filed.

3

The Wooleys make additional arguments. First, the Wooleys assert that the doctrine of adverse domination should apply and prevent the Potential Defendants from "benefitting from any ambiguity the Court may discern in any plan provision, although the Court observed at the confirmation hearing that the provision [section 7.7 of the Plan] was not ambiguous." *Id.*, ¶ 18 at 10. Along these lines, the Wooleys believe that "public policy should prevent the Potential Defendants from benefitting from their own failure to properly preserve claims against themselves, if in fact such claims were not expressly preserved which the Wooleys refute." *Id.* Second, the Wooleys claim that the doctrine of *res judicata* does not bar the estate causes of action as against H&B because, apparently, the estate claims arise from pre-petition work H&B performed for the debtor. And, finally, the Wooleys state that section 7.8.1 of the Plan[3] "expressly preserves claims against any of the Potential Defendants for (i) bad faith, (ii) gross negligence, (iii) willful misconduct, and (iv) actual fraud." *Id.*, ¶ 18 at 11.

## *The Objections*

Both the Potential Defendants filed substantially similar objections and both object to any unverified factual allegations made in the Motion to Reconsider. *H&B Objection*, at 3 n. 2; *Directors Objection*, at 3 n.2. The Former Schlotzky Directors also object to the admission of new evidence in the form of the exhibits attached to the Motion to Reconsider for two reasons:

---

[3] Section 7.8.1 provides:

> **Protection of Certain Parties in Interest: Exculpation.** The Debtors and their affiliates, the Creditors' Committee, any member of the Creditors' Committee, or individual professional person in their capacity as a representative of a member of the Creditors' Committee, any of their respective members, officers, directors, or employees shall not have or incur any liability to any holder of a Claim or Equity Interest, for any act, event, or omission, from the Petition Date to the Effective Date in connection with or arising out of the Chapter 11 Cases, the confirmation of the Plan, the consummation of the Plan, the administration of the Plan or the assets and property to be distributed pursuant to the Plan and the Plan Documents, unless such person or entity's action is determined as (i) not undertaken in good faith; (ii) actual fraud; (iii) willful misconduct; or (iv) gross negligence. Each entity or person may reasonably rely upon the opinions of counsel, certified public accountants, and other experts or professionals employed by the Debtors, or the Creditors' Committee, respectively.

4

not only is the record closed but the exhibits are inadmissible hearsay. *Directors Objection*, at 3 n.2. In addition to reiterating the legal standards that were argued in opposition to the Motion, H&B notes that the Motion to Reconsider, at paragraph 9, admits that section 7.7 of the Plan was a negotiated provision. "Nothing in the language of Section 7.7 suggests waiver of any defenses of potential defendants. Nor is there any law to support the notion that adverse domination affects the interpretation of unambiguous language in the plan or extends its deadlines… all parties have the right to seek authority to file a plan and may object to any provision in a plan proposed by a debtor." *H&B Objection*, at 3-4. Moreover, the very fact that the Wooleys objected to Plan terms and such objections resulted in changes to the Plan and the disclosure statement belie the Wooleys' argument with regard to adverse domination as to Plan terms. *Id.* at 4.

H&B reasserts its argument that the relevant estate claims are barred by failure to reserve such claims under the Plan and by *res judicata*. For support, H&B cites to *Dynasty Oil & Gas, LLC v. Citizens Bank, et. al. (In re United Operating, Inc.)*, 540 F.3d 351 (5th Cir. 2008) and *National Benevolent Ass. Of the Christian Church v. Weil, Gotshal & Manges, LLP*, 2009 WL 1649485 (5th Cir. 2009). Additionally, H&B argues that the Wooleys' assertion that the holding in *Dynasty Oil* should not apply here because the Potential Defendants were (i) aware of the claims the Wooleys seek to assert, and (ii) should be estopped from benefiting from their own failure to properly preserve the Estate Claims against themselves in the Plan is not only factually incorrect but is inapposite and does not provide a basis for reconsideration. *Id.* at 5. Whether the Potential Defendants were aware of the possible claims against them is irrelevant. Under *Dynasty Oil*, the Fifth Circuit was clear that "absent 'specific and unequivocal' retention language in the plan, creditors lack sufficient information regarding their benefits and potential liabilities to cast an intelligent vote." *Id.* at 6, n. 4. And, because the Wooleys were in a position

5

to ensure that the Plan's language preserved the estate causes of action that they wish to assert now, the Wooleys' estoppel argument is misplaced. *Id.* at 6. Lastly, under the *In re Intelogic Trace, Inc.*, 200 F.3d 383 (5th Cir. 2000) case, *res judicata* also bars these claims against H&B. *Id.* at 7.

The Former Schlotzky Directors also filed an objection to the Motion to Reconsider and have three arguments in opposition: (i) the alleged estate claims were not properly preserved in the Plan, and, therefore, the Wooleys do not have standing to file these claims under *Dynasty Oil*, 540 F.3d 351 (5th Cir. 2008); (ii) the alleged estate claims are barred by *res judicata*; and (iii) the Wooleys have not satisfied the requirements of *In re Louisiana World Exposition*, 858 F.2d 233 (5th Cir. 1993). The crux of the Former Schlotzky Directors' assertion is that, under Fifth Circuit precedent, the Estate Claims were not preserved in the Plan simply because they were known to the Potential Defendants and were discussed during the confirmation process. *Directors Objection*, at 4. Instead, under *Dynasty Oil*, the Plan itself was supposed to have explicitly preserved the Estate Claims and it did not. *Id.* Therefore, they were not properly preserved. The Former Schlotzky Directors also assert that the Motion to Reconsider should be denied because the court held that the Plan administrator properly refused to bring the estate claims that the Wooleys wish to assert, and, consequently, the Wooleys have failed to meet the requirements of *In re Louisiana World Exposition*, 858 F.2d 233 (5th Cir. 1993). *Id.* at 6.

**B. Analysis**

*Evidentiary Objections*

The court did not review the exhibits to the Motion to Reconsider for the reasons stated in the section immediately below. Therefore, the court will not address the Potential Defendants' evidentiary objections.

### *Federal Rule of Bankruptcy Procedure 9023*

Federal Rule 59(e), made applicable to bankruptcy procedure by Bankruptcy Rule 9023, allows parties to seek reconsideration of court orders by filing and serving a written motion within 10 days of the order. See Fed. R. Civ. P. 59(e); Fed. R. Bankr. P. 9023. A court may amend or alter a previous judgment or order only when the movant establishes some manifest error of law or fact justifying such an amendment. *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citing *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982), aff'd by 735 F.2d 1367 (7th Cir. 1984)). In Rule 59(e) motions, the movant bears the burden of establishing the manifest error in the order and cannot raise arguments which could, and should have, been argued before the order was entered. *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (citations omitted). In other words, in pointing out the court's error, "[i]t is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him." *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995) (Posner, J.). Giving a movant a "second bite at the apple" is not the purpose of Rule 59. *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) ("It is well-settled that Rule 59 is not a vehicle for re-litigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'—and we in no way depart from that basic principle.") (emphasis added).

The Motion to Reconsider is denied because the Wooleys do nothing more that reargue the position that they took at the March hearing and in the 7.7 Motion, albeit with additional factual allegations and additional legal theories. The factual background provided in the Motion to Reconsider was well known to the Wooleys at the time they filed the 7.7 Motion. For the Wooleys to not include that information in either the 7.7 Motion or in a supplemental brief was the Wooleys' decision. In this court's opinion, the Wooleys are doing nothing more than trying

7

to complete their evidentiary presentation in support of the 7.7 Motion, which the court will not allow. Under Rule 59(e), the Wooleys may not "complete presenting [their] case after the court has ruled against [them]." *Frietsch v. Refco, Inc.*, 56 F.3d at 828. At this stage of the game, it is simply too little too late.

Likewise, the new legal arguments raised in the Motion to Reconsider are the Wooleys' attempt to re-argue the 7.7 Motion. The court agrees that certain arguments that had not been raised in the parties' papers leading up to the March hearing were raised at the hearing.[4] However, in light of that fact, the court specifically gave the parties the ability to file supplemental briefs. No one did. The court performed its own independent research on the issues and ruled accordingly on June 11. Thus, the Wooleys' contention that the Motion to Reconsider should be granted because they did not have notice of certain arguments raised at the March hearing is belied by their opportunity to file a supplemental brief to address the very issues that they are now addressing in the Motion to Reconsider. The appropriate mechanism for raising these arguments was by filing a supplemental brief. They chose not to and the time has now passed to do so. At this stage of the proceedings, the Wooleys are trying to take a second bite of the proverbial apple despite the fact that the Wooleys had the opportunity to take a very large first bite and decided to abstain. For these reasons, the Motion to Reconsider is denied.

### *National Benevolent Ass. Of the Christian Church v. Weil, Gotshal & Manges, LLP*, 2009 WL 1649485 (5th Cir. 2009)

There is an additional basis for denying the Motion to Reconsider. A court may amend or alter a previous judgment or order only when the movant establishes some manifest error of law

---

[4] For instance, at the March hearing, the Wooleys for the first time raised the doctrine of adverse domination as a defense to the Potential Defendants' assertions that the statute of limitations had passed on the Estate Claims. Also at the March hearing, the Potential Defendants for the first time argued that *Dynasty Oil* and *The Nat'l Benevolent Ass'n of the Christian Church (Disciples of Christ), et. al. v. Weil, Gotshal & Manges, L.L.P. (In re Nat'l Benevolent Ass'n of the Christian Church (Disciples of Christ))*, 2008 U.S. Dist. LEXIS 49084 (W.D. Tex., Jun. 3, 2008) barred the Estate Claims because the Plan failed to retain the Estate Claims.

or fact justifying such an amendment. *See Waltman v. Int'l Paper Co.*, 875 F.2d at 473 (citing *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982), aff'd by 735 F.2d 1367 (7th Cir. 1984)). Thus, it is the Wooleys' burden to prove that the court made a manifest error of law in denying the 7.7 Motion. However, the Wooleys cannot meet this burden. The court could not have made a manifest error of law in denying the 7.7 Motion because recent Fifth Circuit precedent (which came down <u>after</u> the court's June 11 ruling) offers an independent reason why, as a matter of law, the Wooleys are precluded from asserting the Estate Claims. In *National Benevolent Ass. Of the Christian Church v. Weil, Gotshal & Manges, LLP*, 2009 WL 1649485 (5th Cir. 2009),[5] the Fifth Circuit held that the failure to retain causes of action[6] in a plan of reorganization or liquidation deprived the bankruptcy court of subject matter jurisdiction to hear the non-retained claims in the first place. *See generally, id.* In the *National Benevolent* case, the plan's retention language was, if anything more specific than the retention language of § 7.7 of the Plan. *Id.* at *5-6 (listing the relevant plan provisions in the National Benevolent case). Notably, the Fifth Circuit in *National Benevolent* held that it did not need to decide the correct interpretation of the language of that plan. *Id.* at *7. It is apparently sufficient if the language is ambiguous. *Id.* The Fifth Circuit said

---

[5] The court recognizes that the NBA case is an unpublished Fifth Circuit opinion and, as such, is not , strictly speaking, binding precedent on this court. 5th Cir. Fed. R. App. P. 47.5.4. However, it is certainly persuasive authority. *Smith v. Am. Founders Fin.*, 2006 U.S. Dist. LEXIS 74865, at *27 (S.D. Tex. Sept. 29, 2006) ("As of January 1, 1996, Fifth Circuit unpublished opinions are no longer precedent, but may be cited as persuasive authority.")

[6] The Fifth Circuit in the *National Benevolent* case specifically distinguished malpractice claims based upon pre-petition and post-petition conduct. The Fifth Circuit upheld its ruling in *Intelogic Trace* that the doctrine of *res judicata* precluded a collateral attack of a bankruptcy court's approval of a professional's final fee application. *National Benevolent*, 2009 WL 1649485, at *5 ("For our subject-matter jurisdiction analysis in this case, *Intelogic Trace* supports the proposition that a federal court can hear state court malpractice claims if they relate to, and thereby collaterally attack, a bankruptcy court's fee award; but *Intelogic Trace* does not provide a general legal basis to exert subject-matter jurisdiction over a reorganized debtor's malpractice claims in respect to a professional's pre-confirmation conduct that is not reserved in the confirmation plan and also unrelated to a bankruptcy ruling.") Therefore, the Wooleys assertions are not helped by flip-flopping as to whether they want to assert Estate Claims due to their professionals' pre-petition vs. post-petition conduct. Under either scenario, the Estate Claims are barred under two prior Fifth Circuit opinions: *National Benevolent* and *Intelogic Trace*, respectively.

> [w]e merely conclude that the plan's provisions do not specifically and unequivocally reserve to NBA the right to prosecute its claim against Weil Gotshal [the defendant] arising out of the alleged attorney malpractice conduct that occurred prior to the NBA bankruptcy petition filing and proceedings. *See United Operating*, 540 F.3d at 355. Accordingly, NBA, as the reorganized debtor, has no standing to pursue these claims in federal court. For these reasons we vacate the district court's judgment but grant Weil Gotshal's motion to dismiss this case for lack of subject-matter jurisdiction without prejudice.

*Id.* In this court's view, § 7.7 of the Plan does not 'specifically and unequivocally' preserve the Estate Claims. Consequently, because the Wooleys have failed to meet their burden of showing that the court made a manifest error of law in light of the *National Benevolent* case, the court denies the Motion to Reconsider.

**C. Conclusion**

On the merits, the Motion to Reconsider represents the Wooleys' attempt to introduce evidence and make arguments that could have been made in either the original 7.7 Motion or in a supplemental brief. The Wooleys may not to take a second bite at the apple. Moreover, the Wooleys failed to meet their burden in proving a manifest error of law in light of the Fifth Circuit's decision in *National Benevolent Ass. Of the Christian Church v. Weil, Gotshal & Manges, LLP*, 2009 WL 1649485 (5th Cir. 2009), which, in substantially similar circumstances to the case at bar, held that the bankruptcy court lacked subject matter jurisdiction to hear estate claims that had, arguably, not been retained by the debtor's plan. For these reasons, the Motion to Reconsider is DENIED.

###